IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ALPHONSO V. FRAZIER II,<br><br>                  Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                  Defendant. | 8:23CV567<br><br>MEMORANDUM AND ORDER |

      Before the Court is a Complaint filed by Plaintiff Alphonso V. Frazier, II ("Plaintiff"). Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now performs an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2), and, for the reasons set forth below, finds that it is and shall dismiss the Complaint with prejudice.

## I. SUMMARY OF COMPLAINT

      This Court construes Plaintiff's Complaint as being brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 to 2680, naming the United States of America as the sole defendant.[1] Filing No. 1 at 3.

      Plaintiff's Complaint is fairly sparce, setting forth only the following factual allegations, which appear to be incomplete:[2]

> Plaintiff is entitled to relief due to government employee Chief Judge Robert F. Rossiter committing a tort in the course of his employment, the federal

---

[1] The Court notes that Plaintiff also lists the following statutes as being at issue in this case: 28 U.S.C. §§ 1364(b), 2401(a), 5 U.S.C. §§ 551–559 (the "Administrative Procedures Act"), and 18 U.S.C. §§ 241, 241, & 1951. Filing No. 1 at 3. It is unclear if Plaintiff intends to allege this Court has jurisdiction over his Complaint under any or all of the referenced statutes or if Plaintiff believed them to be supportive of his allegations generally. It also appears that Plaintiff may have listed additional statutory references, but they were cut off in his filing and are therefore unknown. Id.

[2] Similar to the jurisdictional allegations in his Complaint, it appears that the section Plaintiff filled out detailing his statement of claims is also incomplete. Filing No. 1 at 4.

government, not the employee, becomes the defendant. All damages are paid by the government, not the employee. On January 12, 2022, Chief Judge Rossiter abused discretion when he failed to follow a federal statute that specifically prescribes a course of action for an employee to follow. The act in question at 28 USC 636(c)(1) was controlled by a "shall." If the act is governed by a "shall" the employee has no rightful option but to adhere to the law. On 7-19-2022, Eighth Circuit Chief Judge Lavenski R. Smith dismissed judicial complaint and on 10-3- 2022, (8th Cir) Chief Judge [LRS] denied petition to review; dismissing[.]

Filing No. 1 at 4.

Plaintiff seeks $250,000,000.00 in damages and declaratory relief, stating the following in support:

The amount in controversy is $250,000,000, because of Chief Judge Robert F. Rossiter's failure to allow the court to function upon failure to separate powers. The administrative business of the court was corrupted. Plaintiff thrice injured by "prejudice" upon failure of Administrative Oversight and Accountability by the 8th Cir. Chief Judge and the (AO) of the United States Courts, Washington, DC to investigate to prevent fraud, wrongdoing, and abuse by the court.

Id.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian,* 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION OF CLAIMS

Here, the nature of Plaintiff's claim or claims under the FTCA, aside from vague references to a prior court case and judicial officers involved in that case, is unclear. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation ... be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Twombly,* 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Iqbal*, 556 U.S. at 678).

While the United States may not be sued absent a waiver of its sovereign immunity. *United States v. Mitchell*, 445 U.S. 535, 538 (1980), the FTCA provides an avenue to

3

assert a claim sounding in tort against the United States, as the FTCA waives sovereign immunity for actions against the United States resulting from injuries caused by the negligent acts of government employees while acting in the scope of their employment, *see* 28 U.S.C. § 1346(b)(1). The United States, therefore, can be held liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. But, excluded from the FTCA's waiver of immunity are claims "based upon the exercise or performance or the failure to perform a discretionary function or duty" by a federal agency or a federal employee. 28 U.S.C. § 2680(a).

As an initial matter, the Complaint contains nothing other than vague conclusory allegations referencing violations of a federal statute and abuse of discretion on part of District of Nebraska Chief Judge Rossiter, which appear to relate to a prior case filed by Plaintiff in this district: *Frazier v. Nebraska, et. al.*, Case No. 8:20-CV-520 (the "Related Case"). *See* Filing No. 1 at 6 (Section VIII listing "8:CV520" as a related case). In the Related Case, Chief Judge Rossiter granted summary judgment against Plaintiff and dismissed his case on January 12, 2022, *see* Related Case, Filing No. 46, and the Eighth Circuit affirmed on July 29, 2022, *see* Related Case, Filing No. 59; Filing No. 60.[3] The Complaint contains no factual information regarding the nature of the claims, what occurred with whom or when, or how Plaintiff was harmed.

While the lack of factual allegations is enough to render the Complaint subject to dismissal under Rule 8, even in light of their apparent incomplete nature, amendment would be futile. Plaintiff's allegations address the actions of judicial officers Rossiter and

---

[3] Plaintiff also mentions Eighth Circuit Judge Lavenski R. Smith's dismissal of a "judicial complaint" but does not indicate how that relates to his claims regarding Judge Rossiter as the orders affirming Judge Rossiter's dismissal were not signed by Judge Smith.

Smith.  Filing No. 1 at 4.  Judicial officers are absolutely immune from complaints addressing judicial actions taken by judges when they have jurisdiction over the subject matter at issue.  See *Justice Network Inc. v. Craighead Cnty.*, 931 F.3d 753, 759 (8th Cir. 2019) (quoting *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam)); *see also Huff v. City of Brookings Police Dep't*, No. 4:22-CV-4020-LLP, 2022 WL 2528255, at *3 (D.S.D. July 6, 2022) (citing *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)) ("[T]he necessary inquiry in determining whether a defendant judge is immune from suit is whether at the time he took the challenged action he had jurisdiction over the subject matter before him.")).

Although Plaintiff does not assert any claims against Judge Rossiter or Judge Smith directly, Plaintiff's claims against the United States under the FTCA arise from the actions of Judges Rossiter and Smith taken within the scope of their jurisdiction.  And, under the FTCA the United States is "entitled to assert any defense based upon judicial or legislative immunity which otherwise could have been available to the employee of the United States whose act or omission gave rise to the claim" in response to common law tort claims.  28 U.S.C. §§ 1346(b), 2674.  Therefore, as the United States is protected by the judicial immunity defense that is available to Judges Rossiter and Smith, Plaintiff's claim against the United States must also be dismissed with prejudice.  See *Lucore v. Bowie*, No. 12-CV-1288 BEN WVG, 2012 WL 5863248, at *2 (S.D. Cal. Nov. 16, 2012).

IT IS THEREFORE ORDERED that:

1.  Plaintiffs' Complaint, Filing No. 1, is dismissed with prejudice.

2. The Court will enter a separate judgment consistent with this order.

Dated this 18th day of October, 2024.

BY THE COURT:

*[signature]*

Joseph F. Bataillon
Senior United States District Court